KING, JUSTICE,
SPECIALLY CONCURRING:
¶30. While I agree with the majority that, under the law as it stands, judicial immunity applies to this case, I write separately to express my concern regarding the alleged judicial behavior in this case.
¶31. Bailey essentially alleges that Judge Weill made false statements about her in a court order, and that Judge Weill had no jurisdiction to make these statements, presumably because Bailey believes that these statements were irrelevant to the crux of the order.[5]1 find it concerning *938 that this opinion may allow judges to claim judicial immunity for any gratuitous remarks made in an opinion or order, so long as the judge lias overall authority to promulgate the opinion or order in the first place.[6]
¶32. As the majority indicates, “DeWitt v. Thompson, 192 Miss. 615, 7 So.2d 529, 532 (Miss. 1942), seemed to leave open the door' as to whether judicial immunity applies in the face of malice[.]” Maj. Op. (¶ 21; I believe that this Court may need to revisit this notion at a later date, especially when, as here, the actions were alleged to have been taken with malice and were allegedly irrelevant to the underlying judicial action.
KITCHENS, J., JOINS THIS OPINION.

. A more thoroughly developed record could help prove or disprove these allegations, and would have helped us make a more informed decision regarding judicial immunity. Without a more developed record or any findings of *938 fact by the trial court, I certainly take no position on whether these allegations are true.

. For example, in a divorce proceeding, if a chancellor had a personal vendetta against a party's sister who was estranged from the party and had no relevance to the divorce or custody issues, could that chancellor in the divorce order falsely state that the party's sister was a prostitute and receive judicial immunity for making that statement?